z

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JACKIE CALLENDER, Plaintiff | CIVIL DOCKET NO. 1:19-CV-0530 |
| VERSUS | JUDGE DRELL |
| WAL-MART LOUISIANA, LLC, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 52) ("Motion") filed by Plaintiff Jackie Callender ("Callender"). Callender argues that Defendant Wal-Mart Louisiana, LLC ("Walmart") failed to prove that the amount in controversy exceeds $75,000. ECF No. 52 at 4. Walmart opposes. ECF No. 60.

Because Callender failed to establish to a legal certainty that the amount in controversy is less than $75,000, Callender's Motion to Remand (ECF No. 52) should be DENIED.

I. **Background**

Callender alleges that she sustained an injury while shopping at Walmart. ECF No. 1-2 at 3. During the check-out process, the clerk refused to accept her coupons. *Id.* Callender asserts that around the same time, an unknown Walmart security guard approached her and "forced her to come with him" to an office in the store by grabbing her arm. *Id.* at 3-4. Callender later amended her Complaint to identify Mike Shannon ("Shannon") as the Walmart security guard. *Id.* at 3; 1-3 at 2. Callender alleges that Shannon "rummaged through [her] purse" without her

1

consent and "used force to make her stay until law enforcement arrived." ECF No. 1-2 at 3.

Callender complains that Shannon committed the intentional torts of false imprisonment and battery when he "grabbed her [by the] arm and forced her into a room." *Id.* Callender further alleges Walmart was negligent "individually and through the acts or omissions of its employees." *Id.* Callender seeks damages for: (1) physical pain and suffering; (2) mental suffering, anxiety, and emotional upset; (3) medical, hospital, and related healthcare expenses; and (4) impairment, disability, and loss of enjoyment of life.[1] *Id.* at 5. Callender alleges joint and several liability against Walmart. ECF No. 1-3 at 3.

Callender originally filed suit in Alexandria City Court. *Id.* at 3. Walmart answered and propounded discovery. ECF No. 1-6 at 13. Callender admitted in her responses to discovery that "the total amount of damages sought . . . exceeds the sum of $75,000.00." *Id.* Walmart thus removed the case to the United States District Court for the Western District of Louisiana. ECF No. 1.

Callender now seeks to remand for lack of diversity jurisdiction. ECF No. 52. In support, she submits her discovery responses, medical records, and an affidavit stipulating that the amount in controversy is less than $75,000. ECF Nos. 52; 52-3; 52-4; 53-5; 52-6; and 52-7. Callender argues that the jurisdictional threshold of $75,000 has not been met because: (1) it is not "facially apparent" from the Complaint; and (2) Walmart failed to prove by a preponderance of the evidence that

---

[1] For each type of injury, Callender requests past, present, and future damages.

the amount in controversy exceeds the threshold. ECF No. 52-1 at 6. Callender further asserts that even if Walmart carried its burden, she has shown with "legal certainty" that her claims do not exceed $75,000. *Id.* at 11.

Walmart opposes. ECF No. 60. In support, Walmart attached Callender's discovery responses. ECF No. 60-1.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

Federal district courts have jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." *Dos Santos v. Belmere Ltd. P'ship*, 516 Fed.Appx. 401, 402 (5th Cir. 2013) (citing 28 U.S.C. § 1331). Federal courts also have original jurisdiction over disputes between diverse citizens which exceed the sum or value of $75,000. *Dos Santos*, 516 Fed.Appx. at 402 (citing 28 U.S.C. § 1332(a)). Here, the parties do not dispute the diversity requirement. Rather, they dispute the amount in controversy requirement.

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Remand is required "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "Ambiguities are construed against removal and in favor of remand". *Coleman v. Lowe's Home Centers, LLC*, No. 1:20-CV-00804, 2021 WL 1115579 (W.D. La. Mar. 5, 2021) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)).

To remove a case based on diversity jurisdiction, a defendant must show by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000. *E.g.*, *Ford v. Pantry, Inc.*, No. 08-0255, 2008 WL 11417708, at *1 (W.D. La. June 20, 2008). A defendant may: (1) demonstrate that it is "facially apparent" that the claim is likely above $75,000; or (2) set forth the facts in controversy that "support a finding of the requisite amount." *Ford*, 2008 WL 11417708, at *1 (citing *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir. 1999); and *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999)).

Regarding the first option, in Louisiana state court, tort plaintiffs cannot specify the exact amount of their damages claim. *E.g.*, *Ford*, 2008 WL 11417708, at *1; *see* La. Code Civ. P. art. 893. Regarding the second option, a defendant may rely on similar claims for damages and discovery responses to support its notice of removal. *See Ford*, 2008 WL 11417708, at *1; *Carlson v. Dollar General*, No. 19-CV-00459, 2019 WL 6523267, at *3 (W.D. La. Nov. 6, 2019); *Stine v. Dolgencorp Inc.*, No. 07-0858, 2007 WL 2711015, at *1 (W.D. La. Sept. 13, 2007).

If the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

B. <u>Walmart has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.</u>

Walmart is not asserting that it is "facially apparent" that Callender claims damages in excess of $75,000. *See* ECF Nos. 1, 60, and 60-1. Therefore, Walmart must present "summary-judgment-type evidence" that "support[s] a finding of the

requisite amount". *Carlson*, 2019 WL 6523267, at *2 (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015)); *Ford*, 2008 WL 11417708, at *1.

Here, Walmart relied on Callender's admission that the amount in controversy exceeded $75,000 to support its Notice of Removal. ECF Nos. 1; 1-6 at 13. "For the exercise of diversity jurisdiction, discovery responses clarifying the amount in controversy [have] been held to be "other paper" from which it could be ascertained the case was removable." *Causey's Pharmacy, Inc. v. Praeses*, No. 1:17-CV-01391, 2018 WL 1867136, at *4 (W.D. La. Apr. 2, 2019) (citing *Freeman v. Witco, Corp.*, 984 F.Supp. 443 (E.D. La. 1997)); *see also Maxwell v. Lesnick*, No. 1:16-CV-00300, 2016 WL 4070239, at *3 (W.D. La. 2016) (finding that defendant carried its burden where plaintiff answered a discovery request inquiring about the amount in controversy with "unknown at this time".); *Borill v. Centennial Wireless, Inc.*, 872 F.Supp.2d 522, 528 (W.D. La. 2012) (finding support for removal where the plaintiff failed to stipulate that the amount in controversy fell below $75,000).

Thus, Walmart has established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum.

### C. <u>Callender has not established with legal certainty that her claim falls below $75,000.</u>

Once the removing party has shown by a preponderance of the evidence that removal was proper, the burden shifts to the plaintiff. *Holly v. Boyd Racing, LLC*, No. 2:20-CV-00714, 2021 WL 1605298, at *2 (W.D. La. Mar. 4, 2021) (citing *De Aguilar*, 47 F.3d at 1411-12). Additionally, upon establishing jurisdiction, "subsequent events that reduce the amount in controversy to less than $75,000

generally do not divest the court of diversity jurisdiction." *Fletcher v. Scotchman Indus., Inc.*, No. 10-1791, 2011 WL 744544, at *2 (W.D. La. Feb. 2, 2011) (citing *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 58 S. Ct. 586 (1938)). Thus, a plaintiff must establish "to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul*, 58 S. Ct. at 590 (emphasis added).

In support of her Motion, Callender attaches an affidavit stipulating that "the total amount of [her] damage claim . . . does not exceed $75,000.00." ECF No. 52-7 at 2. "While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous." *Fletcher*, 2011 WL 744544, at *2 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)).

The basis for diversity jurisdiction was not ambiguous. In response to Walmart's discovery request, Callender admitted that she seeks damages in excess of $75,000. ECF No. 1-6 at 13. Nor was her response cryptic. *See Williams v. Cypress Ins. Co.*, No. 18-0694, 2019 WL 267921, at *2-4 (W.D. La. Jan. 2, 2019) (where plaintiff's similar discovery response included a stipulation that "plaintiff reserves the right to supplement and amend," the court found ambiguity at the time of removal).

Thus, Callender has not established, to a legal certainty, that the amount in controversy falls below the jurisdictional minimum.

6

### III. Conclusion

Because Callender failed to prove with legal certainty that the amount in controversy does not exceed $75,000, IT IS RECOMMENDED that Callender's Motion to Remand (ECF No. 52) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this \_\_\_\_ day of July 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE